FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JUL 3 0 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE MATTER OF AN APPLICATION )
OF THE UNITED STATES OF AMERICA )
FOR   A   WARRANT   TO   OBTAIN )
RECORDS, LOCATION INFORMATION, )
INCLUDING   PRECISION   LOCATION )     No. 4:18 MJ 6235 PLC
INFORMATION,       CELL       SITE )
INFORMATION,       AND       OTHER )     **FILED UNDER SEAL**
SIGNALING               INFORMATION )
ASSOCIATED   WITH   THE   CELLULAR )
TELEPHONE HAVING THE NUMBERS )
(314) 371-8012.                                    )

## AFFIDAVIT

Shawn Jackson, being duly sworn, deposes and says that he is a Deputy United States

Marshal with the United States Marshals Service, duly appointed according to law and acting as

such.

### Introduction

I am a Deputy United States Marshal with the United States Marshals Service, Eastern

District of Missouri, and have been since November 2009.   Before my employment with the U.S.

Marshals Service, I was employed with the St. Louis County Police Department for approximately

8 years.   I served in the United States Marine Corp as a Diplomatic Security Officer for 3 ½ years

prior to my employment with the St. Louis County Police Department.   Additionally, I am a

graduate from the Federal Law Enforcement Training Center located in Glynco, GA.

The facts alleged in this affidavit come from my own investigation, my training and

experience, and information obtained from other investigators and witnesses.   As this affidavit is

submitted for the limited purpose of establishing probable cause to locate and monitor the location

of a cellular telephone as part of a criminal investigation, it does not set forth all of the my knowledge regarding this matter.

Upon information and belief, and as explained in greater detail below, the cellular telephone bearing number **(314) 371-8012** (hereinafter the **"subject cellular telephone"**), which is being serviced by VERIZON (hereinafter referred to as "the Service Provider"), has been used, and is presently being used, by Madeline MCFARLAND who is charged in violation of Title 21, United States Code, Section(s) 841(a)(1) and 846, in Case No. 4:13 CR 00124 JAR, and whose whereabouts are currently unknown.

The present affidavit is being submitted in connection with an application of the Government for a warrant and order authorizing agents/officers of the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, to obtain location information, including precision location information, cell site location information, and other signaling information, including pen register information, in an effort to locate and monitor the location of the **subject cellular telephone.**

Your affiant further states that there is probable cause to believe that the location information associated with the **subject cellular telephone** will lead to the location and arrest of **Madeline MCFARLAND**.

### Investigation and Probable Cause

On July 19, 2018, an arrest warrant was issued in the Eastern District of Missouri for Madeline MCFARLAND for violating the conditions of her supervised release.   The violation is alleged by way of a Report on Offender Under Supervision, filed by the United States Probation Office on July 13, 2018.   According to the Report, MCFARLAND violated Mandatory Condition

2

#3, which required that she refrain from an unlawful use of a controlled substance.   In addition, it alleged that MCFARLAND violated the Special Condition that she participate in a substance abuse treatment program and follow the rules of that program.   The Report asserts that MCFARLAND was terminated from inpatient treatment in Hayti, MO after MCFARLAND admittedly ingested an unknown substance that had been smuggled into the facility by another patient. During an interview, MCFARLAND indicated that she believed the substance was heroin (although a subsequent test yielded a negative result for heroin).   However, MCFARLAND admitted that she had ingested methamphetamine on the evening prior to meeting with her Probation Officer.

MCFARLAND'S Supervised Release has been revoked on a previous occasion.   On January 23, 2018, Chief United States District Judge Rodney W. Sippel, sitting on behalf of United States District Judge John Ross, issued a Judgment for Revocation after MCFARLAND admitted to having violated the conditions of her supervision.     Judge Sippel ordered MCFARLAND to serve four months in prison and complete a substance abuse treatment program.   As a result of this prior revocation, MCFARLAND is aware that non-compliance with the terms of supervision is likely to result in revocation and incarceration.

On July 24, 2018, at 3:00 PM, DUSM JACKSON contacted U.S. Probation Officer Elizabeth MARCUS, who is currently responsible for supervising MCFARLAND.   PO MARCUS stated on July 18, 2018, at approximately 1:00 PM, she contacted MCFARLAND on her cellphone (314 371-8012, hereinafter the "subject telephone") and instructed her to report to the U.S. Probation Office on Monday, July 23, 2018.   PO MARCUS stated she spoke to MCFARLAND for approximately 5 minutes and continued to communicate with her over text

3

messages after completing the phone call.   PO MARCUS stated MCFARLAND failed to make the scheduled appointment and was going to attempt to contact her again in an attempt to reschedule.

At approximately 5:30 PM, DUSM JACKSON was contacted by PO MARCUS who stated that she spoke with MCFARLAND on the subject telephone at approximately 5:00 PM.   PO MARCUS stated MCFARLAND again was instructed report to the U.S. Probation Office on Thursday, July 26, 2018 and MCFARLAND stated she would attempt to find a ride.

The investigation has clearly demonstrated that the **subject cellular telephone** is being used Madeline MCFARLAND who is charged in violation of Title 21, United States Code, Section(s) 841(a)(1) and 846, in Case No. 4:13 CR 00124 JAR, and whose whereabouts are currently unknown   It is critical that the investigative team be able to locate and monitor the movements of the **subject cellular telephone** thereby assisting in the location and arrest of **Madeline MCFARLAND.**   Your affiant believes that the requested authorization would be a valuable asset in achieving the overall goals of the investigation.

### Investigative Considerations and Techniques

Based on my knowledge, training, and experience, as well as information provided by investigators with specialized experience relating to cellular telephone technology, I am aware of the following facts and considerations:

A.     Wireless phone providers typically generate and retain certain transactional information about the use of each telephone call, voicemail, and text message on their system. Such information can include log files and messaging logs showing all activity on a particular account, such as local and long distance telephone connection records, records of session times

4

and durations, lists of all incoming and outgoing telephone numbers or other addressing information associated with particular telephone calls, voicemail messages, and text or multimedia messages.

      B.     Wireless phone providers also typically generate and retain information about the location in which a particular communication was transmitted or received.   For example, when a cellular device is used to make or receive a call, text message or other communication, the wireless phone provider will typically generate and maintain a record of which cell tower(s) was/were used to process that contact.   Wireless providers maintain information, including the corresponding cell towers (i.e., tower covering specific geographic areas), sectors (i.e., faces of the towers), and other signaling data as part of their regularly conducted business activities.   Typically, wireless providers maintain records of the cell tower information associated with the beginning and end of a call.

      C.     Because cellular devices generally attempt to communicate with the closest cell tower available, cell site location information from a wireless phone provider allows investigators to identify an approximate geographic location from which a communication with a particular cellular device originated or was received.

      D.     Wireless providers may also retain text messaging logs that include specific information about text and multimedia messages sent or received from the account, such as the dates and times of the messages.   A provider may also retain information about which cellular handset or device was associated with the account when the messages were sent or received.   The provider could have this information because each cellular device has one or more unique identifiers embedded inside it.   Depending upon the cellular network and the device, the

embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Station Equipment Identity ("IMEI"). When a cellular device connects to a cellular antenna or tower, it reveals its embedded unique identifiers to the cellular antenna or tower in order to obtain service, and the cellular antenna or tower records those identifiers.

E.    Wireless providers also maintain business records and subscriber information for particular accounts.  This information could include the subscriber's full name and address, the address to which any equipment was shipped, the date on which the account was opened, the length of service, the types of service utilized, the ESN or other unique identifier for the cellular device associated with the account, the subscriber's Social Security Number and date of birth, all telephone numbers and other identifiers associated with the account, and a description of the services available to the account subscriber.   In addition, wireless providers typically generate and retain billing records for each account, which may show all billable calls (including outgoing digits dialed).   The providers may also have payment information for the account, including the dates and times of payments and the means and source of payment (including any credit card or bank account number).

F.    Providers of cellular telephone service also typically have technical capabilities that allow them to collect and generate more precise location information than that provided by cell site location records.   This information is sometimes referred to as E-911 phase II data, GPS data or latitude-longitude data.   In the Eastern District of Missouri, such information is often referred

6

to as "precision location information" or "PLI" data.   E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by attempting to triangulate the device's signal using data from several of the provider's cell towers.   Depending on the capabilities of the particular phone and provider, E-911 data can sometimes provide precise information related to the location of a cellular device.

In order to locate the **subject cellular telephone** and monitor the movements of the phone, the investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may need to employ one or more techniques described in this affidavit and in the application of the government.   The investigative agency(ies), and other authorized federal/state/local law enforcement agencies, may seek a warrant to compel the Service Provider, any telecommunication service providers reflected in Attachment 1, to include providers of any type of wire and/or electronic communications (herein incorporated by reference), and any other applicable service providers, to provide precision location information, including Global Position System information (if available), transactional records, including cell site location information, and pen register and trap-and-trace data.

None of the investigative techniques that may be employed as a result of the present application and affidavit require a physical intrusion into a private space or a physical trespass. Electronic surveillance techniques such as pen register and cell site location monitoring typically have not been limited to daytime use only.   Furthermore, the criminal conduct being investigated is not limited to the daytime.   Therefore, the fact that the present application requests a warrant based on probable cause should not limit the use of the requested investigative techniques to daytime use only.   Accordingly, the investigative agency(ies), and other authorized

7

federal/state/local law enforcement agencies, request the ability to employ these investigative techniques at any time, day or night.

The monitoring of the location of the **subject cellular telephone** by one of the methods described herein will begin within ten (10) days of the date of issuance of the requested Warrant and Order.

### Conclusion

Based on the above information, there is probable cause to believe that the **subject cellular telephone** is being Madeline MCFARLAND who is charged in violation of Title 21, United States Code, Section(s) 841(a)(1) and 846, in Case No. 4:13 CR 00124 JAR, and whose whereabouts are currently unknown There is likewise probable cause to conclude that locating and monitoring the movements of the **subject cellular telephone** will lead to the location and arrest of Madeline MCFARLAND.

7/30/18
DATE

SHAWN JACKSON
Deputy United States Marshal
United States Marshals Service

Sworn to and subscribed before me this _____30_____ day of July, 2018.

PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE
Eastern District of Missouri

8

## LIST OF TELECOMMUNICATION SERVICE PROVIDERS

### VERIZON
### and

| | | | |
|---|---|---|---|
| 01 Communications | Egyptian Telephone | Mid-Atlantic | Socket Telecom |
| Access Line Communication | Electric Lightwave, Inc. | Midvale Telephone Exchange | Spectrum |
| ACN, Inc. | Empire Paging | Mobile Communications | Sprint |
| ACS | Ernest Communications | Mound Bayou Telephone Co. | SRT Wireless |
| Aero Communications, Inc. (IL) | EZ Talk Communications | Mpower Communications | Star Telephone Company |
| Afford A Phone | FDN Communications | Navigator | Start Wireless |
| Airvoice Wireless | Fibernit Comm | Telecommunications | Sugar Land Telephone |
| Alaska Communications | Florida Cell Service | NE Nebraska Telephone | Sure West Telephone Company |
| Alhambra-Grantfx Telephone | Florida Digital Network | Netlink Comm | Talk America |
| Altice USA | Focal Communications | Network Services | Tele Touch Comm |
| AmeriTel | Frontier Communications | Neustar | Telecorp Comm |
| AOL Corp. | FuzeBox, Inc. | Neutral Tandem | Telepak |
| Arch Communication | Gabriel Comm | Nex-Tech Wireless | Telispire PCS |
| AT&T | Galaxy Paging | Nexus Communications | Telnet Worldwide |
| AT&T Mobility | Global Communications | NII Comm | Tex-Link Comm |
| Bell Aliant | Global Eyes Communications | North Central Telephone | Time Warner Cable |
| Big River Telephone | Global Naps | North State Comm | T-Mobile |
| Birch Telecom | Grafton Telephone Company | Northcoast Communications | Total Call International |
| Blackberry Corporation | Grand River | Novacom | Tracfone Wireless |
| Brivia Communications | Grande Comm | Ntera | Trinity International |
| Broadview Networks | Great Plains Telephone | NTS Communications | U-Mobile |
| Broadvox Ltd. | Harrisonville Telephone Co. | Oklahoma City SMSA | United Telephone of MO |
| Budget Prepay | Heartland Communications | ONE Communications | United Wireless |
| Bulls Eye Telecom | Hickory Telephone | ONSTAR | US Cellular |
| Call Wave | Huxley Communications | Optel Texas Telecom | US Communications |
| Cbeyond Inc. | iBasis | Orion Electronics | US LEC |
| CCPR Services | IDT Corporation | PacBell | US Link |
| Cellco Partnership, | Illinois Valley Cellular | PacWest Telecom | US West Communications |
| d/b/a Verizon Wireless | Insight Phone | PAETEC Communications | USA Mobility |
| Cellular One | Integra | Page Plus Communications | VarTec Telecommunications |
| Cellular South | Iowa Wireless | Page Mart, Inc. | Verisign |
| Centennial Communications | IQ Telecom | Page Net Paging | Verizon Telephone Company |
| CenturyLink | J2 Global Communications | Panhandle Telephone | Verizon Wireless |
| Charter Communications | Leap Wireless International | Peerless Network | Viaero Wireless |
| Chickasaw Telephone | Level 3 Communications | Pineland Telephone | Virgin Mobile |
| Choctaw Telephone Company | Locus Communications | PhoneTech | Vonage Holdings |
| Cimco Comm | Logix Communications | PhoneTel | Wabash Telephone |
| Cincinnati Bell | Longlines Wireless | Preferred Telephone | Wave2Wave Communications |
| Cinergy Communications | Los Angeles Cellular | Priority Communications | Weblink Wireless |
| Clear World Communication | Lunar Wireless | Puretalk | Western Wireless |
| Com-Cast Cable Comm. | Madison River | RCN Telecom | Westlink Communications |
| Commercial Communications | Communications | RNK Telecom | WhatsApp |
| Consolidated Communications | Madison/Macoupin Telephone | QWEST Communications | Windstream Communications |
| Cox Communications | Company | Sage Telecom | Wirefly |
| Cricket Wireless | Mankato Citizens Telephone | Seren Innovations | XFinity |
| Custer Telephone Cooperative | Map Mobile Comm | Shentel | XO Communications |
| DBS Communications | Marathon Comm | Sigecom LLC | Xspedius |
| Delta Communications | Mark Twain Rural | Sky Tel Paging | Yakdin Valley Telephone |
| Detroit Cellular | Max-Tel Communications | Smart Beep Paging | YMAX Communications |
| Dobson Cellular | Metro PCS | Smart City Telecom | Ztel Communications |
| | Metro Teleconnect | | |

## ATTACHMENT 1, TO INCLUDE PROVIDERS OF ANY TYPE OF WIRE AND/OR
## ELECTRONIC COMMUNICATIONS                    Last Update: 06/21/2018